IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| FREDERICK ATKINSON | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv129 |
| U.S. PAROLE COMMISSIONER | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Frederick Atkinson, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a motion to dismiss or, in the alternative, motion for summary judgment filed by the respondent (doc. no. 12).   As the respondent has presented matters outside the pleadings, the filing will be considered as a motion for summary judgment.

Factual Background and The Petition

Petitioner was previously convicted of several criminal offenses in the Superior Court of the District of Columbia.  He was sentenced to several terms of imprisonment, including a term of imprisonment of 20 years to life as a result of a conviction for felony murder.

Petitioner became eligible for release on parole in 2020.  He appeared for his initial parole hearing on December 19, 2019.  On January 31, 2020, the United States Parole Commission issued a Notice of Action concluding that petitioner should not be released and that his release should be reconsidered 60 months from his initial parole hearing date.   The Commission explained its decisions as follows:

> You have a Grid Score of 3 under the 1987 DC Board of Parole guidelines for DC Code offenders.  The guidelines indicates that parole should be denied at this time.
>
> After careful consideration of all relevant factors, a decision outside this guideline is not merited.  The ordinary rehearing guideline is 12 months.  However, a departure

from the rehearing guideline at this [time] is found warranted because the Commission finds you are a more serious risk than shown by your rehearing guideline because of your extremely serious negative institutional behavior and your lack of substantive and/or psychology based programming.

Specifically, after your incarceration on the instant base offense, you have committed fourteen serious disciplinary infractions, all or which are considered to be new criminal conduct in a criminal facility. These include two very serious infractions in which you stabbed and cut inmates, and assaulted a Correctional Officer. The first incident occurred in 1990 and involved you stabbing another inmate in the back twice with a 10 inch metal weapon. The second incident occurred in early 1993 and involved you cutting another inmate with a razor blade from the front of his head to the back of his neck and around again on the front of his neck, requiring over 40 staples to close the cut. During this incident, you struck and injured another inmate, requiring three or four stitches to mend a cut behind his ear, and you assaulted a Correctional Officer by attempting to bite his hand. You have also been found in possession of at least six additional Dangerous Weapons (7/28/2001, 4/14/2004, 5/12/2007, 2/20/2011, 6/7/2011, 3/9/2010), one Attempted Assault on a Staff Member (1/5/2012), and you have made Threats to Do Bodily Harm on three occasions (5/12/2007, 7/30/2007, and 8/28/2014). The Commission finds the severity, frequency, and (relatively) recent occurrence of your extremely negative behavior is evidence you are still a serious risk to the public safety, you are not ready to remain crime-free, and your continued incarceration, even beyond the ordinary rehearing guideline is necessary to protect the public.

Also, though you have completed a large number of programs, the Commission finds you have not completed any significant substantive and/or psychology based programming that targets the underlying cause of your criminal behavior and your risk of re-offense, including your ongoing criminal conduct while incarcerated and your continued propensity to violence demonstrated as recently as August 2014 when you possessed a Dangerous Weapon (locks on a belt) during a fight with another inmate. The Commission finds your participation in and completion of such substantive and/or psychology based programming is necessary to reduce your risk to the community. At your next hearing, the Commission will assess your program completion and re-evaluate your overall risk.

The D.C. Emergency Amendment Act of 2020, which amended D.C. Code § 24-403.01a, was subsequently enacted. The Act allowed individuals convicted of crimes in the District of Columbia to be retroactively awarded good time credits. The Bureau of Prisons then retroactively applied 1350 days of good time credits towards petitioner's mandatory minimum sentence. Petitioner's initial parole eligibility date was recalculated to be September 3, 2016.

In February, 2021, as a result of petitioner being awarded 1350 days of good time credits, the Commission received a motion from counsel for petitioner asking the Commission to reopen the last parole decision pursuant to 28 C.F.R. § 2.28 and order a new parole hearing. Section 2.28

allows the Commission to reopen a case upon the receipt of new information of "substantial significance."

The Commission adopted the recommendation of a hearing examiner and denied the request. The hearing examiner stated:

> While I carefully considered the arguments made by the attorney in her request to the Commission and reviewed the record in full, I don't believe the information supports a conclusion that there is new information and warrants a change in the USPC's previous decision. Mr. Atkinson was essentially within 5 months of his prior eligibility date when the USPC considered him in December based on his entire record as of that date. That included nearly 2,000 hours of programming. It also included a disciplinary record in prison that was both frequent and atypical in the seriousness of his infractions.
>
> To his credit, Mr. Atkinson has remained compliant with institution rules since December 2019 as evidenced by a review of his current disciplinary record. His last serious infraction was in 2014. However, it is also noteworthy that the only additional programming noted from his educational transcript is his completion of a Culinary Arts program that he had already commenced at the time of his hearing. His attorney notes that he has maintained a work [record] as a member of the Covid-19 Sanitation Unit and has developed relationships with supervisors and counselors at the institution. While his continued clear conduct, successful work detail, completion of programs in progress at the time of his hearing [is noted], there is no information to conclude that he completed the types of programs the USPC had identified when it denied his parole and set him off until 2024. Specifically, as noted, he has had been expelled from the Challenge program in 2017 and this was specifically addressed with him at his hearing. However, there is no indication that he attempted to re-enter this or a similar behavioral based program.
>
> The frequency and seriousness of Mr. Atkinson's prior misconduct before his initial hearing in December 2019 is especially concerning given his confining conduct in which he murdered a police officer who had identified himself as such. His failure to address his violence through targeted programming such as Challenge has continued despite this being discussed with him at his initial hearing. He had previously demonstrated lengthy periods of compliance with prison rules only to return to similar types of infractions.
>
> The determination that there was a reasonable probability that Mr. Atkinson would not obey the law if released and that his release was not compatible with the welfare of society lies solely within the USPC's discretion and [is] not based on an award of extra good time. I don't find that any information provided supports a conclusion that the Commission either erred in its previous review of his case or that he is now a lesser risk to offend. Thus, I don't recommend that his case be reopened at this time.

Petitioner contends that the Commission erred in refusing to reopen his hearing. He states that the retroactive award of a significant amount of good conduct time constitutes new information of "substantial significance" and required the Commission to reopen the hearing.

Standard of Review

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[1] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Judwin Props., Inc. v. U.S. Fire Ins. Co.*, 973 F.2d 432, 425 (5th Cir. 1992).

On summary judgment, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, "the non-moving party must show that summary judgment is appropriate by setting forth specific facts showing the existence of a genuine issue concerning every essential component of its case." *Rivera*, 349 F.3d at 247. The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995); *see also Brown v. Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

As summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier*, 789

---

[1] This language reflects the amendments to the Federal Rules of Civil Procedure which came into effect on December 1, 2010. These amendments moved language from Rule 56(c) to Rule 56(a) and changed the Rule to read "genuine dispute as to any material fact," rather than "genuine issue as to any material fact." As the Committee Note to Rule 56 makes clear, the new language "carries forward the summary judgment standard expressed in former subdivision (c)."

F.2d 307 (5th Cir. 1986).  In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (quoting *Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980)).  Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the non-moving party, no reasonable jury could return a verdict for that party. *Rubenstein v. Adm'rs of the Tulane Educ. Fund*, 218 F.3d 392, 399 (5th Cir. 2000).

Analysis

Pursuant to 28 C.F.R. § 2.28(a), the Commission may, upon "receipt of new information of substantial significance favorable to the prisoner" reopen a parole hearing.  Congress has given the Commission absolute discretion in matters of parole. *Tarlton v. Clark*, 441 F.2d 384, 385 (5th Cir. 1971).  For this reason, a court cannot disturb a decision absent a showing that the action is flagrant, unwarranted, or unauthorized. *Maddox v. United States Parole Commission*, 821 F.2d 997, 999 (5th Cir. 1987).

Petitioner contends that his retroactive award of a significant amount of good conduct time constituted sufficient new information of substantial significance to require the Commission to reopen his hearing.  He asserts the Commission erred in denying his request for reopening.

As stated above, when the Commission denied the request for reopening, it relied on the recommendation of a hearing examiner.  The examiner noted that the decision not to release petitioner on parole was largely based on two factors: (a) petitioner's frequent and serious misconduct while incarcerated and (b) petitioner's failure to complete any substantive and/or psychology based programming targeting the underlying cause of his criminal behavior, as the Commission had recommended.  The hearing examiner noted the award of good conduct time, which indicated petitioner had improved his disciplinary record.  However, the hearing examiner concluded this information did not warrant a conclusion that the Commission either erred in its previous review of the case or that petitioner was now a lesser risk to offend.

It cannot be concluded that the decision to not reopen petitioner's hearing was flagrant, unwarranted or unauthorized. The hearing examiner correctly noted that the retroactive award of good conduct time did not call into question the two main reasons petitioner was denied release on parole. Further, while the award of good conduct time was relevant to the decision before the Commission, it did not outweigh petitioner's history of violent behavior while in prison and his failure to participate in programming to determine the underlying cause of his violent behavior. As a result, it cannot be concluded that, under the applicable standard, the Commission erred in refusing to reopen the hearing.

For the reasons set forth above, there is no genuine dispute of material fact and the respondent is entitled to judgment as a matter of law. The motion for summary judgment should therefore be granted.

## Recommendation

The respondent's motion for summary judgment should be granted and this petition for writ of habeas corpus denied pursuant to Federal Rule of Civil Procedure 56.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 28th day of June, 2023.

_____
Zack Hawthorn
United States Magistrate Judge